**MICRO–PROBE INCORPORATED, Plaintiff-Appellee,**

**v.**

**WENTWORTH LABORATORIES, INC., Defendant-Appellant.**

**No. 77–3048.**

United States Court of Appeals, Ninth Circuit.

June 26, 1980.

fornia, sitting by designation.

James M. Rhodes, Jr., Hopgood, Cali-mafde, Kalil, Blaustein & Lieberman, New York City, for defendant-appellant.

R. Welton Whann, Los Angeles, Cal., argued, Welton B. Whann, Fredman, Silverberg & Lewis, Inc., San Diego, Cal., on brief, for plaintiff-appellee.

* Honorable Charles B. Renfrew, United States District Judge, Northern District of California, sitting by designation.

## ORDER

Before SNEED, TANG and NELSON, Circuit Judges.

The memorandum decision in *Micro-Probe v. Wentworth*, 605 F.2d 562, No. 77–3048, August 6, 1979, is herewith ordered to be published as a Per Curiam Opinion of the court.

## OPINION

Before HUFSTEDLER and SNEED, Circuit Judges, and RENFREW,* District Judge.

PER CURIAM.

Wentworth Laboratories, Inc. ("Wentworth") appeals from summary judgment in favor of Micro-Probe Incorporated ("Micro-Probe"). The district court held that Micro-Probe's device for testing integrated circuits did not infringe Wentworth's patent. The district court granted summary judgment on the ground that Micro-Probe does not manufacture a device that Claim 1 of Wentworth's patent encompassed, invoking the file-wrapper estoppel doctrine. The district court expressly denied the challenge to the validity of the Wentworth patent, correctly deciding that material issues of fact foreclose summary judgment on that ground. We reverse because we believe that triable issues of fact also foreclose application of the file-wrapper estoppel doctrine.

### I

Wentworth is the assignee of a patent for a fixed-point probe card ("Wentworth patent"). A probe card is a small, flat, rectangular device that has a circular opening in its center into which metal needles extend. These needles are attached to evenly spaced pads, and conductive paths lead from the pads to terminals at the edge of the card

that can be connected to external testing equipment. When a probe card is applied to an integrated circuit, the needles that extend from the center touch terminal contacts on the integrated circuit, thus establishing a connection between the circuit and the external testing equipment. By using a probe card, defects in the manufacture of an integrated circuit can be detected.

To be effective, probe card needles must touch the respective terminals simultaneously. To accomplish that result, each needle must be properly aligned to touch the proper terminal on the integrated circuit. Manufacturers have used different methods to insure that needles are properly aligned to accomplish the purpose. The Wentworth patent claims substantially to eliminate the need for sanding and bending each needle by using a combination of needles and needle holders, or blades. Each needle is attached to a blade, and the blade is soldered to the conductive pad in a way that positions the device correctly, on a common plane, with respect to the terminal contact on the integrated circuit.

■ Micro-Probe manufactures probe cards that are virtually identical to Wentworth's. Micro-Probe argues that after it solders the blades to the conductive pads, it must nevertheless spend many hours sanding and bending the needles to meet the necessary standards for planarity and alignment. Micro-Probe argued, successfully below, that its product does not infringe the Wentworth patent because it does not achieve alignment and planarity through soldering. Micro-Probe contends that achieving such planarity and alignment through soldering is a crucial element of the Wentworth patent because the Patent office initially refused to issue a patent for the blade and needle combination alone. The claim was subsequently amended to read that upon attachment to the conductive pads, the needles are properly aligned in a common plane. Under the doctrine of file-wrapper estoppel, a party cannot subsequently advance a claim it abandoned when it secured the patent. (*Exhibit Supply Co. v. Ace Patents Corp.* (1942) 315 U.S. 126, 62

S.Ct. 513, 86 L.Ed. 736; *Oregon Saw Chain Corp. v. McCulloch Motors Corp.* (9th Cir. 1963) 323 F.2d 758, 768.)

■ We must assume for the purposes of this discussion that the Wentworth patent is valid and thus that one skilled in the art of making probe cards can read Claim 1 of the patent and produce a probe card that, after soldering the blade and needle combinations, meets acceptable standards of planarity and alignment. In short, Micro-Probe claims that it cannot achieve the results promised by the Wentworth patent by following the teaching of Claim 1 of that patent. That contention, if ultimately proved true, might support a finding that the Wentworth patent is *pro tanto* invalid, but it cannot support a holding that Micro-Probe did not infringe or a holding that Wentworth is foreclosed by file-wrapper estoppel from claiming infringement.

Micro-Probe concedes that it is following the teaching of Claim 1 of the Wentworth patent. Its failure to achieve the promise of Claim 1 of the Wentworth patent may result from any one of several causes: (1) The Wentworth patent could fail to teach what it purports to teach and thus be invalid. (2) The "rough" planarity and alignment achieved by Micro-Probe, following the teaching of the Wentworth patent, might be sufficient to fall within the language of the Wentworth claim. That issue cannot be determined on summary judgment. (3) Micro-Probe could be trying to follow the teaching of the Wentworth patent, but failing to do so because it acted ineptly. If Micro-Probe has taken the heart of the invention, it cannot claim noninfringement based upon its own poor performance or upon any other ground. (*Kolene Corp. v. Motor City Metal Treating* (6th Cir. 1971) 440 F.2d 77; *Stearns v. Tinker & Rasor, Inc.* (9th Cir. 1958) 252 F.2d 589, 595.)

We are aware that Micro-Probe claims that it has not taken the essence of the Wentworth invention because, after soldering, its needles to not lie in a common plane and are not aligned. But if we assume, as we must, the validity of the Wentworth

patent, we cannot find an absence of infringement when, as Micro-Probe concedes, there is no departure from the teaching of the Wentworth patent. (*Graver Tank & Mfg. Co. v. Linde Co.* (1950) 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097; *Lockwood v. Langendorf United Bakeries, Inc.* (9th Cir. 1963) 324 F.2d 82, 88. *See also* 4 D. Chisum, Patents: A Treatise on the Law of Patentability, Validity and Infringement § 18.04[4], at 18–47 to –50.)

*Of course, we suggest no opinion upon the validity of the Wentworth patent.* We must assume that in this state of the record, the Wentworth patent is valid. In absence of any claim that Micro-Probe has departed from the teaching of the Wentworth patent, we cannot affirm summary judgment on the ground of non-infringement. In the absence of any departure from the teaching of the patent, Micro-Probe cannot successfully invoke file-wrapper estoppel. (*See Keith v. Charles E. Hires Co.* (2d Cir. 1940) 116 F.2d 46 (L. Hand, J.); *Smiths America Corp. v. Bendix Aviation Corp.* (D.D.C.1956) 140 F.Supp. 46, 54.)

REVERSED.